IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRANT GREEN,

    Petitioner,

v.                                                                                CV 18-0953 MV/JHR

MARK BOWEN, Warden, and
HECTOR H. BALDERAS, Attorney General
for the State of New Mexico,

    Respondents.

## ORDER GRANTING MOTION FOR LEAVE TO EXCEED PAGE LIMIT

THIS MATTER comes before the Court on Petitioner Brant Green's Motion for Leave of Court to Exceed Page Limit for Exhibits [Doc. 28], filed November 10, 2020. Pursuant to 28 U.S.C. §636(b), presiding District Judge Martha Vazquez referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 29]. Having thoroughly reviewed the parties' submission and the relevant law, the Court grants the Motion.

On October 12, 2018, Green filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. [Doc. 1]. On June 11, 2020, Respondents were ordered to Answer, and did so on June 30, 2020 [Docs. 10, 12]. In their 8-page answer, Respondents argue one issue, that Green's Petition is untimely because it was filed after the applicable one-year period of limitation. [Doc. 12, pp. 5-7]. On October 30, 2020, Green filed a 127-page reply along with 422 pages of exhibits. [Doc. 25]. The Court notified Green that his reply failed to comply with Local Rule 10.5 which limits the exhibits to 50 pages. [Doc. 26]. On November 10, 2020, Green filed the Motion for Leave of Court to Exceed Page Limit for Exhibits currently before the Court. [Doc. 28]. Respondents did not file a response and the time to do so has passed. *See* D.N.M.LR-Civ. 7.4(a). Under Local Rule 7.1(b),

the failure to file a response in opposition to a motion constitute consent to grant the motion. D.N.M.L.R-Civ 7.1(b). In the interest of justice and pursuant to Local Rule 7.1(b), the Court grants Green's Motion for Leave of Court to Exceed Page Limit for Exhibits.

However, Green did not specify how many additional pages he needs and granting unlimited pages does not promote judicial efficiency. [*See generally* Doc. 28]. Courts have inherent authority to, among other things, regulate their docket and promote judicial efficiency. *Martinez v. IRS*, 744 F.2d 71, 73 (10th Cir. 1984). The rules of civil procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. While the Court is concerned that the grounds for equitable tolling are highly fact-dependent, Green only provided conclusory statements that extra pages are needed to "fully present [his facts and arguments] for equitable tolling and miscarriage of justice exceptions" without providing any specific analysis. [*See* Doc. 28, at 2].

Under Local Rule 7.5 and 10.5, a reply is limited to 12 double-spaced pages, and exhibits are limited to 50 pages. D.N.M.LR-Civ. 7.5, 10.5. In consideration of 1) the fact-dependent nature of the underlying petition, 2) the fact that Green only provided conclusory statements without providing any specific analysis, 3) judicial efficiency, and 4) the interest of justice, the Court in its discretion will triple the page limits for this reply to the underlying motion. Therefore, Green may file an amended reply to the underlying motion up to 36 double-spaced pages along with up to 150 pages of exhibits.

**IT IS THEREFORE ORDERED** that Green's Motion for Leave of Court to Exceed Page Limit for Exhibits [Doc. 28] is GRANTED and Green may, but is not required to, file an amended reply to Respondents' answer [Doc. 12], up to 36 double-spaced pages along with up to 150 pages of exhibits, on or before March 31, 2021.

_____
JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE